# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 14-cv-00240-REB-BNB

ZACH GEIGER, et al.,

    Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC, et al.,

    Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

This matter is before me on **Plaintiffs' Motion for Temporary Restraining Order and Order for Spoliation Sanctions** [#52][1] filed August 20, 2014. The defendants filed a response [#54]. I deny the motion for temporary restraining order and refer the motion for spoliation sanctions to the United States Magistrate Judge assigned to this case.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question).

### II. STANDARD OF REVIEW

A temporary restraining order constitutes extraordinary relief. A party seeking a temporary restraining order or a preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will

---

[1] "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b).

### III.  ANALYSIS

To the extent the plaintiffs seek a temporary restraining order, their motion is based, in essence, on allegations of witness intimidation.  They seek an order prohibiting the defendants or their agents from "contacting, communicating with, harassing, slandering, or otherwise interfering in personal or business lives of" (1) witnesses or their families; and (2) plaintiffs or their families.  *Motion* [#52], p. 12.  This claim for relief is based primarily on the concerns of a witness named Heidi Applehans. Ms. Appelhans was employed by one or more of the defendants.  The plaintiffs claim that defendant William Clark, a founder and principal of Z-Ultimate Enterprise, encouraged and ordered Ms. Applehans to alter key accounting documents of the defendants, which documents are relevant to this case.  Ms. Applehans is no longer employed by any of the defendants.

According to the plaintiffs, Mr. Clark has threatened to make false statements to the IRS about Ms. Applehans and has "encouraged his martial arts instructors to influence the Plaintiffs." *Motion* [#52], p. 2.  In the view of the plaintiffs, given the personal knowledge of Ms. Applehans of the alleged legal and ethical misdeeds of the defendants, "Ms. Applehan's concern about how Defendant Clark will react to her

2

coming forward [with such information] is entirely reasonable." The plaintiffs say Mr. Clark is a large and imposing, high-ranking, martial artist, his threats are taken seriously, and there have been "regular rumors of threats of physical violence made against former instructors or those who crossed Clark." *Motion* [#52], p. 4.  The plaintiffs have submitted affidavits in which Ms. Applehans and others attest to the facts summarized here.

Assuming the facts alleged in the motion and stated in the supporting affidavits are true, the plaintiffs have not demonstrated an arguable basis for the entry of a temporary restraining order.  This evidence does not show either a substantial likelihood that the plaintiffs, or any of them individually, will prevail on the merits of any claim related to their requested temporary restraining order, nor does it show that the plaintiffs, or any of them individually, will suffer an immediate and irreparable injury unless a temporary restraining order issues.  Rumors of threats of physical violence by Mr. Clark combined with Mr. Clark's size and martial arts expertise do not satisfy these fundamental legal requirements.  The plaintiffs have not cited or produced any additional evidence which tends to show a prospect of immediate and irreparable injury from Mr. Clark or any of the defendants.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That to the extent the plaintiffs move for the entry of a temporary restraining order in the **Plaintiffs' Motion for Temporary Restraining Order and Order for Spoliation Sanctions** [#52] filed August 20, 2014, the motion is **DENIED**;

2. That to the extent the plaintiffs move for the imposition of sanctions for spoliation in the **Plaintiffs' Motion for Temporary Restraining Order and Order for**

**Spoliation Sanctions** [#52] filed August 20, 2014, that motion is **REFERRED** to the assigned United States Magistrate Judge consistent with the previous order [#4] of the court.

Dated August 26, 2014, at Denver, Colorado.

BY THE COURT:

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge

.