IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  14-cv-00240-REB-BNB

ZACH GEIGER,
ROBERTO ABELARDO,
ADAM GOLDSTEIN,
RYAN KING,

Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC,
PAUL TAYLOR,
KRIS ESZLINGER,
FRANK LEY
HANS PROSCH,
MASTERS UNITED 11, LLC,
KATA 7, LLC
Z-ULTIMATE MARTIAL ARTS SUPPLIES LLC,
Z-ULTIMATE SPECIALIZED ACCOUNTING LLC,
Z-ULTIMATE UNIVERSITY OF MARTIAL ARTS PROFESSIONAL LLC,
Z-ULTIMATE SELF DEFENSE STUDIOS,
MASTERS UNITED I, LLC,
MASTERS UNITED 12 LLC,
MASTERS UNITED 111 LLC,
MASTERS UNITED V LLC,
Z-ULTIMATE EVENTS LLC
A L MARTIAL ARTS, INC.,
WLC MANAGEMENT, INC.,
MASTERS UNITED VI LLC,
MASTERS UNITED 8 LLC,
MASTERS UNITED 15 LLC,
UNITED PARTNERS-BROOMFIELD LLC
UNITED PARTNERS-CASTLE ROCK LLC,
UNITED PARTNERS-CENTENNIAL LLC,
UNITED PARTNERS-CHICAGO #4 LLC,
UNITED PARTNERS-COLORADO SPRINGS 1 LLC,
UNITED PARTNERS-DENVER LLC,
UNITED PARTNERS-DENVER SOUTH LLC
UNITED PARTNERS-FORT COLLINS LLC,
UNITED PARTNERS-GLENVIEW LLC,
UNITED PARTNERS-HIGHLANDS RANCH LLC,

UNITED PARTNERS-HIGHLANDS RANCH 2 LLC,
UNITED PARTNERS-KANSAS CITY #3 LLC,
UNITED PARTNERS-KANSAS CITY 1 LLC,
UNITED PARTNERS-KANSAS CITY # 4 LLC,
UNITED PARTNERS-KEN CARYLE LLC,
UNITED PARTNERS-LAFAYETTE LLC,
UNITED PARTNERS-LAKEWOOD LLC,
UNITED PARTNERS-LEAWOOD LLC,
UNITED PARTNERS-LITTLETON LLC,
UNITED PARTNERS-LONGMONT LLC,
UNITED PARTNERS-OLATHE LLC,
UNITED PARTNERS-OVERLAND PARK NORTH LLC,
UNITED PARTNERS-OVERLAND PARK SOUTH LLC,
UNITED PARTNERS-PARKER LLC,
UNITED PARTNERS-SKOKIE LLC,
UNITED PARTNERS-SMOKEY HILL LLC,
UNITED PARTNERS-THORNTON LLC,
UNITED PARTNERS-WEST ARVADA LLC,
UNITED PARTNERS-WESTMINSTER LLC,
UNITED PARTNERS-WHEAT RIDGE LLC,
Z-ULTIMATE COLORADO SPRINGS,
Z-ULTIMATE DENVER,
Z-ULTIMATE HIGHLANDS RANCH EAST,
Z-ULTIMATE PARKER,
Z-ULTIMATE SMOKEY HILLS,
WILLIAM CLARK,

Defendants.

_____

# ORDER
_____

This matter arises on the **Motion to Quash Subpoena Duces Tecum** [Doc. # 70 filed 9/30/2014] by the Colorado Department of Labor and Employment, Division of Unemployment Insurance (the "Division"), which is DENIED.

The defendants served a subpoena duces tecum on the Division which required production of the following documents:

> The scanned packet of information regarding the unemployment

>   claim of Heidi M. Applehans, Social Security # \*\*\*-\*\*-\*360, filed
>   against WLC Management Inc., employer #762421.00-8.

The subpoena was served on September 18, 2014, and no objection is made to the form of service. Motion to Quash [Doc. # 70] at p. 1. No response date is specified in the subpoena, which states only: "These documents are needed for a hearing on Oct. 3rd, so all due haste will be appreciated in this matter." Subpoena [Doc. # 70-1].

The sole basis for seeking an order quashing the subpoena is that "[t]he documents encompassed within the subpoena are confidential" under section 8-72-107(1), C.R.S. That section provides, in relevant part:

>   Information thus obtained, or obtained from any individual
>   pursuant to the administration of articles 70 to 82 of this title . . .
>   shall be held confidential and shall not be published or be open to
>   public inspection . . . in any manner revealing the individual's or
>   employing unit's identity.

There is a distinction between information which is confidential and that which is privileged. As the Tenth Circuit Court of Appeals explained in a different context:

>   There is no absolute privilege for trade secrets and similar
>   confidential information. To resist discovery under Rule 27(c)(7),
>   a person must first establish that the information sought is a trade
>   secret and then demonstrate that its disclosure might be harmful.
>   If these requirements are met, the burden shifts to the party seeking
>   discovery to establish that the disclosure of trade secrets is relevant
>   and necessary to the action. The district court must balance the
>   need for the trade secrets against the claim of injury resulting from
>   disclosure. If proof of relevancy or need is not established,
>   discovery should be denied. On the other hand, , if relevancy and
>   need are shown, the trade secrets should be disclosed, unless they
>   are privileged or the subpoenas are unreasonable, oppressive,
>   annoying, or embarrassing.

<u>Centurion Industries, Inc. v. Warren Steurer and Associates</u>, 665 F.2d 323, 325-26 (10th Cir. 1981)(internal citations omitted). In addition, in the only Colorado state appellate decision to

address the scope of protection afforded documents under section 8-72-107(1), the Colorado court of appeals found no procedural due process violation where a tribunal allowed a party to inspect but not copy documents apparently deemed confidential under the statute. Nesbit v. Industrial Comm., 607 P.2d 1024, 1025 (Colo. App. 1979). Thus, the statute does not prevent all disclosure of documents within its scope. Finally, the State of Colorado knows how to create statutory privileges against disclosure where it intends to do so, see, e.g., section 13-90-107, C.R.S., but it made no such attempt here.

The Division has failed to meet its burden of demonstrating that its disclosure of the information subject to the Subpoena might be harmful.

IT IS ORDERED:

(1) The Motion to Quash [Doc. # 70] is DENIED.

(2) The Division shall produce the documents subject to the commands of the Subpoena on October 3, 2014, at 8:30 a.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Dated October 1, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge