**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00240-REB-BNB

ZACH GEIGER, et al.,

    Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC, et al.,

    Defendants.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**Blackburn, J.**

This matter is before me on **Plaintiffs' Motion for Temporary Restraining Order** [#86][1] filed November 17, 2014. The defendants filed a response [#91], and the plaintiffs filed a reply [#92]. On December 5, 2014, I held a hearing on the motion at which the parties presented evidence and argument. I deny the motion.

**I. JURISDICTION**

I have jurisdiction under 28 U.S.C. §§ 1331 (federal question).

**II. STANDARD OF REVIEW**

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order or a preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the

---

[1] "[#86]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b).

### III.  ANALYSIS

The motion of the plaintiffs is based on allegations of witness intimidation.  The plaintiffs appear to seek an order prohibiting the defendants or their agents from contacting any of the plaintiffs or, at a minimum, from engaging in intimidating conduct directed to any plaintiff, their immediate family, or witnesses in this case.  *Motion* [#86], pp. 6 - 7.  This claim for relief is based primarily on the concerns of plaintiff Robert Abelardo.

Mr. Abelardo testified by affidavit and in person during the hearing as follows. He was in a gym locker room in Denver on November 13, 2014.  Defendant William Clark saw Mr. Abelardo in the locker room and approached Mr. Abelardo.  According to Mr. Abelardo, Mr. Clark approached within one foot of Mr. Abelardo, pointed his finger in Mr. Abelardo's face, and called Mr. Abelardo a "fucking scumbag."  *Abelardo Affidavit*  [#86-1].  Then, according to Mr. Abelardo, Mr. Clark said "It's good to see you, it's good to know where you hang out."  *Id*.   Mr. Clark then shook the hand of Mr. Abelardo, smiled "sardonically," and left the locker room.  *Id.*

Both Mr. Abelardo and Mr. Clark testified at the December 5, 2014, hearing and

described their recollection of the locker room meeting on November 13, 2014. Generally, they agree about the events that took place in the locker room. They disagree about some details of the meeting, but the points on which they disagree are of no consequence in my analysis.

Even when I view the evidence in the record in the light most favorable to the plaintiffs, I find that the plaintiffs have not demonstrated an arguable basis for the entry of a temporary restraining order. The plaintiffs have not shown that the plaintiffs, or any of them individually, will suffer an immediate and irreparable injury unless a temporary restraining order issues. Mr. Clark's name calling, finger pointing, and sardonic smile, as seen by Mr. Abelardo, do not constitute the type of behavior likely to hinder or prevent the plaintiffs from pursuing their claims in this case. Notably, Mr. Abelardo testified that since November 13, 2014, he is unaware of any efforts to intimidate a plaintiff or witness. Even when combined with Mr. Clark's size and martial arts expertise, the behavior of Mr. Clark in the locker room does not demonstrate a likelihood of immediate irreparable injury, *a fortiori*, in the form of witness intimidation.

The plaintiffs have not cited or produced any additional evidence which tends to show a prospect of immediate and irreparable injury threatened or caused by Mr. Clark or any other defendant. The evidence presented by the plaintiffs concerns only one plaintiff, Mr. Abelardo, and in no way shows any claimed effort by any other defendant, including Mr. Clark, to intimidate or harm any other plaintiff. In addition, the evidence presented by the plaintiffs concerns only one defendant, Mr. Clark, and in no way shows

any claimed effort by any other defendant to intimidate any plaintiff or witness.[2]

Finally, I note that the court always has the inherent power to protect witnesses who may appear in a case pending before the court. ***See, e.g., Wheeler v. United States***, 640 F.2d 1116, 1123 (9th Cir. 1981) (citing cases). This power may be exercised to ensure the proper administration of justice. When presented with evidence that witness intimidation may in fact impair the proper administration of justice, the court may act to protect parties, witnesses, and counsel from such intimidation.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion for Temporary Restraining Order** [#86] filed November 17, 2014, is **DENIED**.

Dated December 11, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] The lack of evidence showing a likelihood of immediate irreparable injury is fatal. That lack of evidence obviates the need to analyze the other factors relevant to a motion for temporary restraining order.