**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER, et al.,

    Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC. et al.,

    Defendants.

## ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Conditional Collective Action Certification and Notice Approval** [#62][1] filed August 27, 2014. The defendants filed a response [#65], and the plaintiffs filed a reply [#67]. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

## II. STANDARD OF REVIEW

This case involves alleged violations of the wage and record keeping provisions of the Fair Labor Standards Act (FLSA or Act). The plaintiffs seek to pursue a collective action under the Act on behalf of themselves and other similarly situated current and

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

former Chief Instructors employed by the defendants.  Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA.  **See** 29 U.S.C.A. § 216(b); ***Brown v. Money Tree Mortgage, Inc.***, 222 F.R.D. 676, 678-79 (D. Kan. 2004).  Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt in to the action.  **See** 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); ***In re American Family Mutual Insurance Co. Overtime Pay Litigation***, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated."  The Tenth Circuit has adopted a two-step analysis governing this determination.  At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  ***Thiessen v. General Electric Capital Corp.***, 267 F.3d 1095, 1102 (10th Cir. 2001), ***cert. denied***, 536 U.S. 934 (2002) (citation and internal quotation marks omitted).  The court makes this determination relying on the allegations of the complaint and any supporting affidavits filed by plaintiffs.  ***Brown***, 222 F.R.D. at 680.  Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken.  ***Id.*** at 679.

After discovery is complete, the second, or "decertification," stage occurs.  At that point, the court applies a much stricter standard to determine whether class members

are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." *Brown*, 222 F.R.D. at 679 (citing *Thiessen*, 267 F.3d at 1103).

### III.  FACTS

The plaintiffs brought this action on behalf of themselves and other similarly situated current and former Chief Instructors employed by the defendants. The action was brought under 29 U.S.C. § 216(b).

According to the plaintiffs, the defendants have created a complex matrix of corporate entities which operate martial arts studios known as dojos. The studios generally use the name Z-Ultimate Defense. Each studio is its own corporate entity, and often a studio is owned by a separate corporation. The required marketing, accounting and training services for each studio are all provided by additional separate corporate entities, all of which are operated under the direction and control of the individual defendants, William Clark, Paul Taylor, Kris Eszlinger, Frank Ley, and Hans Prosch, acting through various holding companies. The plaintiffs contend this scheme is specifically designed to shield the defendants from liability for violations of state and federal law including the FLSA.

The plaintiffs allege that defendants, Paul Taylor, William Clark, Frank Ley, Hans Prosch, Kris Ezslinger, and the Z-Ultimate Enterprise, purposefully deceived Chief Instructors about their employee classification. Each Chief Instructor allegedly was required to work more than 75 hours per week training students, marketing Z-Ultimate,

and maintaining each dojo while being paid a rate far below the minimum wage and overtime pay requirements of the FLSA. This is accomplished, the plaintiffs allege, by classifying Chief Instructors as independent contractors rather than as employees.

### IV.  ANALYSIS

The actions alleged in the complaint [#22], if proven, violate the provisions of the FLSA. Further, the allegations in the complaint constitute substantial allegations that the plaintiffs were together the victims of a single decision, policy, or plan of the defendants. The contrary arguments of the defendants are not persuasive.

The proposed **Notice of Collective Action Lawsuit** shown at Exhibit P to the **Plaintiffs' Motion for Conditional Collective Action Certification and Notice Approval** [#62] generally provides adequate notice to potential plaintiffs and is approved. However, the plaintiffs have not demonstrated a valid basis to include in the notice the statement, shown on page one of the proposed notice, "You are eligible to join this lawsuit if you believe you were paid less than $670.62 in any one-week period." That statement must be excised from the notice.

Because potential issues concerning tolling of the statute of limitations may remain, the **Notice of Collective Action Lawsuit** shall provide notice to Chief Instructors who worked for the defendants between March 10, 2011, and the present. To the extent the plaintiffs seek to include in this case claims which fall outside of the generally applicable period of limitations, the plaintiffs will be required to demonstrate a valid basis for tolling the period of limitations as to such plaintiffs and claims.

The form of notice delivered to potential plaintiffs shall provide that any and all **Consent To Join Collective Action** forms must be received by counsel for plaintiffs no later than June 10, 2015. The **Consent To Join Collective Action** form proposed by

the plaintiffs, shown at Exhibit Q to the **Plaintiffs' Motion for Conditional Collective Action Certification and Notice Approval** [#62], is approved.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion for Conditional Collective Action Certification and Notice Approval** [#62] filed August 27, 2014, is **GRANTED** on the terms stated in this order;

2. That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the claims of the named plaintiffs under the Fair Labor Standards Act on behalf of all current and former Chief Instructors who worked for the defendants or any of them, whether designated as an employee or as an independent contractor, between March 10, 2011, and the present and who (a) were not paid the minimum wage for all hours worked; and/or (b) were not paid for hours worked in excess of 40 hours in one week at the required overtime rate of pay; and/or (c) for whom the defendants failed to keep accurate employment records;

3. That with the amendments specified in this order, the **Notice of Collective Action Lawsuit** and the **Consent To Join Collective Action** forms proposed by the plaintiffs are **APPROVED**;

4. That the **Notice of Collective Action Lawsuit** form **SHALL PROVIDE** that any and all **Notice of Collective Action Lawsuit** forms must be received by counsel for plaintiffs no later than **June 10, 2015**;

5. That the **Notice of Collective Action Lawsuit** form **SHALL NOT INCLUDE** the statement ""You are eligible to join this lawsuit if you believe you were paid less than

5

$670.62 in any one-week period";

  6. That on or before **March 30, 2015**, the defendants **SHALL PROVIDE** to the plaintiffs the names, addresses, telephone numbers, and e-mail addresses of all current and former Chief Instructors employed by any of the defendants on or after March 10, 2011, whether designated as an employee or as an independent contractor;

  7. That when identifying current and former Chief Instructors, as required in paragraph six (6) above, the defendants **SHALL SPECIFY** also the dates of employment, whether designated as an employee or as an independent contractor, of each such individual and the specific location and business name at which each such person was employed by any of the defendants; and

  8. That on or before April 20, 2015, counsel for the plaintiffs **SHALL DELIVER** the **Notice of Collective Action Lawsuit** and the **Consent To Join Collective Action** forms, as approved in this order, to all potential plaintiffs via first class mail.

  Dated March 10, 2015, at Denver, Colorado.

              **BY THE COURT:**

              *[signature: Bob Blackburn]*
              Robert E. Blackburn
              United States District Judge