**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER, et al.,

    Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC. et al.,

    Defendants.

## ORDER DENYING MOTION TO TOLL STATUTE OF LIMITATIONS

**Blackburn, J.**

    This matter is before me on the **Plaintiffs' Motion for Equitable Tolling** [#33][1] filed June 25, 2014. The defendants filed a response [#39], and the plaintiffs filed a reply [#42]. I deny the motion without prejudice.

    This case concerns the plaintiffs' claims under the Fair Labor Standards Act (FLSA). The defendants operate martial arts training studios. The plaintiffs claim the defendants improperly classified Chief Instructors at many of its martial arts training studios as independent contractors rather than employees. As a result, the plaintiffs assert, the defendants failed to pay minimum wages and overtime wages, as required by the Fair Labor Standards Act (FLSA). In their present motion, the plaintiffs argue for equitable tolling of the period of limitations applicable to their FLSA claims.

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. STANDARD OF REVIEW

Generally, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. A cause of action accrues even though the plaintiff may not be aware of all of the evidence relevant to his or her claim. ***Baker v. Bd. of Regents of State of Kan.***, 991 F.2d 628, 632 (10th Cir. 1993). The time period defined in the applicable statute of limitations begins to run on the day the plaintiff's claim accrues.

> Equitable tolling may toll the expiration of the statute of limitations.
>
> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."

***U.S. v. Clymore***, 245 F.3d 1195, 1199 (10th Cir. 2001) (***quoting Biester v. Midwest Health Servs., Inc***, 77 F.3d 1264, 1267 (10th Cir. 1996)). In addition, equitable tolling may be appropriate when the plaintiff demonstrates "extraordinary circumstances" that made it "impossible" for the plaintiff to file a timely lawsuit. ***Id.*** Tolling is available only "when [a plaintiff] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." ***Marsh v. Soares***, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is applied sparingly and generally is limited to situations in which a "claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." ***Irwin v. Department of Veterans Affairs***, 498 U.S. 89, 96 (1990) (footnotes omitted).

## II. ANALYSIS

The plaintiffs seek equitable tolling of the statute of limitations applicable to the claims of the plaintiffs and to the claims of any plaintiffs who may opt-in to this FLSA collective action.[2] The plaintiffs present three grounds for equitable tolling: (1) the defendants failed to post mandated FLSA notices in their work places at least as far back as April 2008; (2) the defendants deliberately deceived and intimidated employees in an effort designed to prevent the plaintiffs from learning of and exercising their rights under the FLSA, at least as far back as February 28, 2011; and (3) the delaying litigation tactics of the defendants. The defendants contend there is no basis for equitable tolling of the statute of limitations.

Absent tolling, an employee has two options for filing a timely FLSA claim against his or her employer: (1) file an individual FLSA suit on their own behalf; or (2) opt-in to a FLSA collective action when they become aware of the collective action. In either of these two ways, a reasonably diligent opt-in plaintiff generally can assert his or her FLSA rights and prevent the expiration of his or her claims.

The defendants do not dispute the claim of the plaintiffs that the defendants failed to post mandated FLSA notices in their work places. Some courts have held that the failure of an employer to post in the work place mandatory notices about FLSA rights or other rights of employees supports the application of equitable tolling. ***See, e.g., Kamens v. Summit Stainless, Inc.***, 586 F.Supp. 324, 328 (D.C.Pa.,1984); ***E.E.O.C. v. Kentucky State Police Dept.***, 80 F.3d 1086, 1094 - 1095 (6th Cir. 1996) (notice of rights under Age Discrimination in Employment Act). However, as the

---

[2] Concurrently with this order, I entered an order conditionally certifying this case as a FLSA collective action. *See* Order [#110] entered March 10, 2015.

defendants note, some employees of some of the defendants have filed suit against some of the defendants asserting claims similar to those of the plaintiffs in this case. Presumably, these plaintiffs worked for the defendants in work places where the FLSA notice was not posted.

The fact that FLSA notices were not posted does not necessarily cause all employees to be unaware of his or her FLSA rights.  The lack of such posting, by itself, does not show that all plaintiffs or potential plaintiffs in this case necessarily have been actively misled or lulled into inaction by the conduct of the defendants.  For particular plaintiffs, it is possible that the lack of any posted FLSA notice combined with other circumstances might support equitable tolling as to that particular plaintiff.  On the current record, however, the lack of FLSA notices in the work places of the defendants, without more, does not justify the application of equitable tolling as to all plaintiffs and all possible opt-in plaintiffs.

The plaintiffs contend the defendants required many Chief Instructors to sign independent contractor status agreements. These agreements were required, the plaintiffs say, after other instructors initiated litigation challenging their independent contractor classification.  The agreements include strongly worded indemnification clauses which, according to the plaintiffs, threaten severe financial consequences resulting from any decision that the Chief Instructor is an employee rather than an independent contractor.   In the view of the plaintiffs, these agreements deliberately and coercively dissuade and mislead potential plaintiffs about their rights under the FLSA.

The fact that Chief Instructors were required to sign an independent contractor status agreements, by itself, does not necessarily cause all such employees to be unaware of his or her FLSA rights.  The existence of these agreements, without more,

4

does not show that all plaintiffs or potential plaintiffs necessarily have been actively misled or lulled into inaction by the conduct of the defendants. For a particular plaintiff, it is possible that the independent contractor status agreement combined with other circumstances might support equitable tolling as to that particular plaintiff. On the current record, however, the independent contractor agreements, without more, do not justify the application of equitable tolling as to all plaintiffs and all possible opt-in plaintiffs.

Finally, the plaintiffs contend that the defendants have delayed conditional certification of a collective action by refusing to file their mandatory corporate disclosure statement, until ordered to do so by the court, and by engaging in other tactics to delay this litigation. Typically in FLSA collective actions, there is a delay between the filing of the complaint and the ultimate conditional certification of the case as a collective action. Generally, most potential opt-in plaintiffs do not learn of the pendency of the collective action until after the case has been certified conditionally and the court authorizes notice to be sent to potential opt-in plaintiffs. Meanwhile, the statute of limitations continues to run on the claims of potential plaintiffs who have not opted-in or have not filed independently a suit asserting their FLSA claim.

Generally, the delay between the filing of the complaint and notice to potential opt-in plaintiffs is not a basis on which equitable tolling properly may be used to toll the statute of limitations. This is true because such delay in achieving conditional certification does not show that any plaintiff or any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim. Again, proof of other relevant circumstances may change the analysis.

### III.  CONCLUSION

Nothing in the record of this case shows that any plaintiff or any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for that plaintiff to file a timely FLSA claim. Generally, plaintiffs and potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment, and it is those facts and circumstances that allegedly form the basis of the FLSA claims of the plaintiffs.  Generally, their claims accrue when they gain knowledge of these facts.

If a particular plaintiff, putative opt-in plaintiff, or group of plaintiffs demonstrates circumstances that justify equitable tolling, then equitable tolling may be appropriate for that particular plaintiff or group of plaintiffs.  However, there is no basis to assume, based on the circumstances asserted on the current record, that all plaintiffs and all potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion for Equitable Tolling** [#33] filed June 25, 2014, is **DENIED** without prejudice.

Dated March 11, 2015, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge