**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER, et al.,

    Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC. et al.,

    Defendants.

## ORDER GRANTING MOTION TO CONTINUE TRIAL

**Blackburn, J.**

This matter is before me on the **Joint Motion To Vacate Trial and Related Dates** [#101][1] filed December 17, 2014.  The motion is granted.

This case is set for trial beginning May 11, 2015.  A combined Final Pretrial Conference and Trial Preparation Conference is set for April 24, 2015, at 10:30 a.m. After the trial date was set, the court entered its **Order Granting Motion for Conditional Certification** [#110] filed March 10, 2015.  With conditional certification as a collective action, certain deadlines were set for delivery of notice of a collective action to potential plaintiffs and response by plaintiffs who seek to opt in to this case.  Opt in plaintiffs must provide forms reflecting their desire to opt in to counsel for the plaintiffs no later than June 10, 2015.  Obviously, that schedule renders a trial beginning May 11, 2015, impossible.

---

[1] "[#101]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)). Applied to the present case, these factors weigh heavily in favor of a continuance of the trial and combined Final Pretrial Conference and Trial Preparation Conference.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Joint Motion To Vacate Trial and Related Dates** [#101] filed December 17, 2014, is granted;

2. That the combined Final Pretrial Conference and Trial Preparation Conference set for April 24, 2015, at 10:30 a.m., is vacated and continued pending further order;

3. That the trial set to begin May 11, 2015, is vacated and continued pending further order;

4. That counsel shall contact the administrative assistant of the court **at (303)**

**335-2350** on **April 24, 2015, at 10:30 a.m.** (MDT), to reschedule the trial and antecedent combined Final Pretrial Conference and Trial Preparation Conference;

    5.  That the **Trial Preparation Conference Order** [#38] entered July 9, 2014, is amended and supplemented accordingly.

    Dated April 17, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge