**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER,
ROBERT ABELARDO,
ADAM GOLDSTEIN, and
RYAN KING,

      Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS, LLC, a California limited liability company,
PAUL TAYLOR, individually, and in his capacity as owner, partner, and corporate officer,
WILLIAM CLARK, individually and in his capacity as owner, partner, and corporate officer,
KRIS ESZLINGER, individually, and in his capacity as owner, partner, and corporate officer,
FRANK LEY, individually and in his capacity as owner, partner, and corporate officer,
HANS PROSCH, individually, and in his capacity as owner, partner, and corporate officer,
et al.,

      Defendants.

_____

**ORDER ON MOTION TO QUASH**
_____

Magistrate Judge Nina Y. Wang

      This matter comes before the court on the Motion to Quash Subpoena Duces Tecum filed by non-party Colorado Department of Labor and Employment, Division of Unemployment Insurance ("Division") on May 1, 2015 ("DOL Motion to Quash") [#134]. The motion was referred to this Magistrate Judge by the memorandum dated the same day [#135] and the prior Order Referring Case dated January 29, 2014 [#4]. Upon consideration of the Parties' papers, the applicable case law, and the oral argument of counsel during the hearing held on May 20, 2015, the court DENIES the DOL Motion to Quash.

## BACKGROUND

Plaintiffs in this case have asserted various claims against Defendants including: (1) a declaration that the plaintiffs are "classified employees under state and federal law"; (2) for violation of the Fair Labor Standards Act ("FLSA") by failing to pay wages at least equal to the minimum wage plus overtime compensation; (3) for fraud in classifying Plaintiffs as independent contractors rather than employees; (4) for negligent misrepresentation based on the independent contractor classification; (5) for civil conspiracy to improperly classify Plaintiffs as independent contractors; and (6) to pierce the corporate veil based on alter ego and undercapitalization. [#22]. A central issue to this action is whether Plaintiffs are properly classified as independent contractors or employees.

On March 27, 2015,[1] Plaintiffs served a Second Subpoena to Produce Documents and Information to the Division for production of the following documents and information:

> The complete file regarding the NOTICE OF DECISION by the Colorado Department of Labor and Employment regarding the employment of Thomas C Andreas (Claimant Social Security Number ending in 6396) by United Partners Colorado Springs (Employer Account Number 759469000) mailed on 03/11/2011. Such file should include all notes of investigation and all submissions or communications by the employer and employee, and all determinations.

[#134 at 6].[2] In their Motion for Discovery Sanctions, Plaintiffs explain that information related to Mr. Andreas is relevant because the Division determined that he was an employee (rather than an independent contractor) of United Partners Colorado Springs. [#114 at 9]. The Division objected to and moved to quash the production of the documents due to confidentiality concerns. [#134]. Relying upon Magistrate Judge Boland's prior order, Plaintiffs argued that production

---

[1] The certificate of service associated with the Second Subpoena to Produce Documents and Information is dated September 27, 2015, rather than March 27, 2015.

[2] The page number refers to the ECF page number.

was proper and confidentiality was not a sufficient basis to quash the subpoena.  [#136].

The court notes that no Protective Order has been entered in this case, and Plaintiffs have not been able to secure permission from Mr. Andreas for his documents.  In addition, during oral argument, Plaintiffs' counsel confirmed that Mr. Andreas was not currently an opt-in plaintiff, nor could he be under the court's current decision regarding equitable tolling given the fact that Mr. Andreas was terminated prior to March 2011.  While the court agrees that Mr. Andreas' documents are relevant, the court is nonetheless concerned about the manner in which such documents that may contain personal information to Mr. Andreas – a third party to this litigation – may be used and shared.  For instance, the documents contain, at a minimum, Mr. Andreas Social Security number and address as of the time of his proceeding before the Division, which may be information that Mr. Andreas would prefer not to be disclosed in the public record.

Therefore, IT IS HEREBY ORDERED:

(1) The Motion to Quash [#134] is DENIED;

(2) The Division is directed to produce the responsive documents to the Second Subpoena on May 29, 2015 at 10:30 a.m. in Courtroom C-205 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294, or as otherwise agreed to in writing by Plaintiffs and the Division;

(3) The Parties will limit the use of Division documents produced pursuant to this Order and the court's prior order [#74] to this litigation, unless otherwise ordered by this court or another of competent jurisdiction;

(4) Unless otherwise authorized in writing by the individual whose records were produced by the Division, the Parties will redact personal identifying information, such as Social Security numbers, addresses, and birthdates, prior to the filing of any

documents with the court or sharing any such information with any witnesses and/or experts;

(5) To the extent redaction of Division documents is not feasible, the Parties are directed to file a Motion to Restrict pursuant to D.C.COLO.LCivR 7.2(c), and are specifically advised to address each element contained in that Rule;

(6) The Clerk of the Court is directed to RESTRICT document [#114-12] with a Level 1 Restriction.

DATED May 22, 2015                                      BY THE COURT:

                                                        s/ Nina Y. Wang
                                                        United States Magistrate Judge