## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER,
ROBERT ABELARDO,
ADAM GOLDSTEIN, and
RYAN KING,

      Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS, LLC, a California limited liability company,
PAUL TAYLOR, individually, and in his capacity as owner, partner, and corporate officer,
WILLIAM CLARK, individually and in his capacity as owner, partner, and corporate officer,
KRIS ESZLINGER, individually, and in his capacity as owner, partner, and corporate officer,
FRANK LEY, individually and in his capacity as owner, partner, and corporate officer,
HANS PROSCH, individually, and in his capacity as owner, partner, and corporate officer,
et al.,

      Defendants.

---

## ORDER ON THE PENDING DISCOVERY MOTIONS

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on two pending discovery motions:  (1) Plaintiffs' Motion for Discovery Sanctions filed on April 3, 2015 ("Motion for Sanctions") [#114]; and (2) Plaintiffs' 3rd Motion to Compel filed on April 29, 2015 ("Third Motion to Compel") [#131]. These discovery motions were referred to this Magistrate Judge pursuant to the Order Referring Case dated January 29, 2014 [#4] and memoranda dated April 6, 2015 and April 30, 2015. [#116, #132].  This court has reviewed the Parties' briefing, the applicable case law, and the comments made during the May 20, 2015 oral argument on these motions.  These motions are now ripe for disposition.

## BACKGROUND

The background of this case has been previously discussed in detail in the court's prior discovery orders, and will not be repeated here except to frame the issues present in the instant motions before the court.  Plaintiffs in this case have asserted various claims against Defendants including: (1) a declaration that the plaintiffs are "classified employees under state and federal law"; (2) for violation of the Fair Labor Standards Act ("FLSA") by failing to pay wages at least equal to the minimum wage plus overtime compensation; (3) for fraud in classifying Plaintiffs as independent contractors rather than employees; (4) for negligent misrepresentation based on the independent contractor classification; (5) for civil conspiracy to improperly classify Plaintiffs as independent contractors; and (6) to pierce the corporate veil based on alter ego and undercapitalization.  [#22].  The court granted Plaintiffs' Motion for Conditional Certification by Order dated March 10, 2015 [#110], but denied Plaintiffs' Motion for Equitable Tolling, precluding recovery for acts before March 11, 2011 [#111].  Plaintiffs claim that the damages for the FLSA claim as well as the state law claims amount to over $8.6 million, assuming that all 119 Chief Instructors identified by Defendants are ultimately included as Plaintiffs.  [#141]. This court entered a Minute Order setting pretrial deadlines in this case, with discovery to close on January 29, 2016, and dispositive motions due by February 29, 2016.  [#143].  The trial on this case is set to commence on July 18, 2016.  [#133].

This case has been rife with discovery disputes between the Parties, which have spawned multiple motions and orders by the court.  Plaintiffs' Motion for Sanctions relates to whether, after being ordered to do so, Defendants have adequately responded to Request for Production No. 8.  [#114].  Plaintiffs' Third Motion to Compel takes issue with Defendants' responses to Interrogatory Nos. 9 and 10, and Request for Production No. 15, which have not been the subject

of prior motions.  [#131].   In addition to the central issues raised and disputed in the Parties' briefing, the Parties tangle over whether Plaintiffs satisfied the meet and confer requirements before filing the pending motions, and identify a number of percolating discovery issues in their Joint Status Report [#146].  In an attempt to bring additional order to the pretrial discovery process in this case, the court will address these issues in turn.

## ANALYSIS

### I.     Motion for Sanctions

In its prior order, the court set out the legal framework it utilizes in considering Plaintiffs' requests to compel discovery and for sanctions.  [#117 at 9-10, 22-24].  The court originally compelled production of documents responsive to Request for Production No. 8 on August 21, 2014.  [#56].  On September 3, 2015, Defendants produced 56 independent contractor agreements and 46 non-compete agreements related to some Chief Instructors.  [#114]. Defendants also represented that there were "additional independent contractor and non-compete agreements for some instructors in San Diego County and the State of Arizona" that would be produced.  [#114-3 at 3-4].  On April 21, 2015, after the filing of the Motion for Sanctions, Defendants produced additional agreements from both Defendant Clark and Defendant Prosch. [#139 at 4].

In their Motion for Sanctions, Plaintiffs argue that none of those additional independent contractor and non-compete agreements have been produced.  [#114].  Defendants argue that, despite the certification pursuant to D.C.COLO.LCivR 7.1(A), Plaintiffs did not confer with them prior to the filing of the Motion for Sanctions, that a subsequent production of independent contractor and non-compete agreements were produced after a computer at issue was fixed, and that no relevant documents have been withheld.  [#127].  Plaintiffs reply by arguing they

satisfied their obligation to confer, that Defendants' argument that they should be excused from violating the court's August 21 Order based on the breadth of the Request is improper, and the delay between September 5 and April 21 is inexcusable. [#139].

### A. Duty to Meet and Confer

As an initial matter, the court will address the Parties' arguments regarding the duty to meet and confer. In their respective Response and Reply to the Motion for Sanctions, the Parties spend numerous pages and multiple affidavits arguing whether Plaintiffs satisfied their obligation to meet and confer prior to the filing of the Motions for Sanctions. [#127, #127-1, #127-2, #139; #139-1, #139-2]. Rule 37(a)(1) of the Federal Rules of Civil Procedure require the movant to confer or attempt to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). In addition, the Local Rules of this District require parties to meet and confer prior to the filing of any motion, except those motions filed in a case of an unrepresented prisoner, motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and motions to withdraw by counsel pursuant to D.C.COLO.LAttyR 5(b). D.C.COLO.LCivR 7.1(a). The Rule specifically directs the attorney for the moving party to "confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." *Id.* A violation of Local Rule 7.1(a) is an independent basis for denial of a motion. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, Case No. 09-cv-00970-PAB-KMT, 2014 WL 4056578, *2 (D. Colo. Aug. 14, 2014) (J. Brimmer).

There is no dispute that counsel for Plaintiffs only reached opposing counsel about the Motion for Sanctions the day of its filing. [#127-2 at ¶ 2; #139-2 at ¶ 9]. The amount and tenor

of the debate over whether Plaintiffs' counsel satisfied its obligations to meet and confer underscores the purpose of the rules. The purpose is to allow the Parties to actually discuss, in a meaningful manner, whether compliance, or a compromise, may be reached without court intervention. In addition, "one of the many reasons why Rule 7.1A is in place is to encourage and maintain civility between and among counsel." *See Visor v. Sprint/United Mgm't Co.,* Case No. Civ.A. 97-K-1730, 1997 WL 796989, *2 (D. Colo. Dec. 31, 1997). In this case, Plaintiffs suggest that the Motion for Sanctions was necessary to incentivize Defendants to comply with their discovery obligations.

In reviewing all the facts as presented through the Parties' various affidavits, the court finds that denying the Motion for Sanctions on the basis of a failure to meet and confer is not appropriate, primarily because Request for Production No. 8 was already subject to a court order compelling its response. However, the court now expressly reminds the Parties of their duty to meaningfully confer prior to the filing of any motion, but particularly a motion seeking sanctions. To satisfy the requirements of Local Rule 7.1(a), and Rule 37 of the Federal Rules of Civil Procedure, "the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and **must compare views and attempt to reach an agreement, including by compromise if appropriate**." *See Hoezel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (emphasis added). Counsel must confer about the specifics of a forthcoming motion, and not simply rely upon months-old prior conferences regarding discovery deficiencies to satisfy this obligation. The court is aware that it may not be convenient, or pleasant, for counsel to engage in such discussions, but the Rules (both Federal and Local) require it and this court expects nothing less.

### B.    Sanctions

On April 21, 2015, Defendants produced additional independent contractor and non-compete agreements.  [#139 at 4].  Plaintiffs argue that sanctions are still appropriate due to the delay by Defendants in producing the documents, and that Defendants' excuse related to the malfunctioning operating system was not believable.  [*Id.* at 4-5].  Defendants argue that they have "conducted electronic and manual searches for all documents relating to 'agreements' with Chief Instructors.  Defendants repaired a computer to locate additional Non-Competition and Independent Contractor agreements which have been produced.  Defendants are unaware of any documents which have been withheld."  [#127 at 5].  Defendants further argue that mere negligence in losing or destroying records is not a sufficient basis for sanctions.  [*Id.*]

Rule 37(b) provides that if a party fails to obey a discovery order, the court where the action is pending may "issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  The Rule further sets out some appropriate sanctions, including directing that the designated facts be established for the purposes of the action; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey.  *Id.*  There is, and can be, no dispute that Defendants were ordered to produce documents responsive to Request for Production No. 8 no later than September 5, 2014.  [#56].  There is also no dispute that Defendants made a production of 56 independent contractor agreements and 46 non-compete agreements on September 3. [#114 at ¶ 4].

Defendants represent in their Response that they have now conducted electronic and manual searches for all responsive documents.  [#127 at 5].  Under Rule 11, the signing of this Response indicates that the factual contentions in the paper have evidentiary support.  Fed. R. Civ. P. 11(b).  In addition, Defendants offer an affidavit by Hans Prosch in which Mr. Prosch

attests under oath that he has "examined all of [his] files, including electronic records for copies of 'any and all documents evincing any agreements, contracts, deals or arraignments [sic] between any Chief Instructor and any Defendant.'" [#127-3 at ¶¶2 -3]. Mr. Prosch is but one of the named Defendants, and during the hearing, counsel for Defendants indicated that he had or will produce similar affidavits for all of the additional named Defendants, *i.e.*, Paul Taylor, William Clark, Kris Ezlinger, and Frank Ley.

While this court does not condone the seven-month delay between its August 21 Order and the completion of production, the court does not find that sanctions are warranted at this time. Defendants began production prior to the deadline set by the court. [#114 at ¶ 4]. In addition, based on Plaintiffs' recounting of the timeline, they last substantively conferred with Defendants regarding the specific deficiency in September. [#139 at 2, #139-2]. The discovery deadline in this case is not until January 29, 2016, and accordingly, Plaintiffs have sufficient time to take depositions and determine through those depositions if Defendants' production is deficient. Under these circumstances, the court DENIES WITHOUT PREJUDICE the Motion for Sanctions, and ORDERS Defendants to provide a certification, executed under the penalty of perjury by all the additional named Defendants and by counsel, that they have searched all electronic and manual repositories of documents in their possession, custody and control and have produced all responsive documents to Request for Production No. 8. Such certification is due to opposing counsel no later than **June 10, 2015**.

## II.    Third Motion to Compel

Defendants again argue that Plaintiffs failed to adequately meet and confer before filing the instant Third Motion to Compel.  [#140 at 1].  While Plaintiffs did not have an opportunity to address this issue in a Reply, the court is a bit troubled that their certification appears dissonant with the substance of the motion.  The Rule 7.1(a) Certification included in this Third Motion to Compel states "Undersigned counsels hereby certify that they conferred with counsels for Defendants by telephone on March 24th, 2015 before filing this Motion. Defendants asserted that they fully complied with the Courts' Order and oppose the relief requested herein."  [#131 at 1]. But the Third Motion to Compel does not relate to the court's prior orders; rather, as Plaintiffs conceded at the hearing and acknowledged in the motion itself [*id.* at 3], the motion is directed to discovery requests that have not previously been subject to any court orders.  As discussed above, counsel are reminded that failure to properly meet and confer is an independent ground for denying a discovery motion, and that such conference should thoroughly vet the dispute prior to seeking judicial intervention.

### A.    Interrogatory No. 9

In their Third Motion to Compel, Plaintiffs seek to compel Defendants to more fully respond to Interrogatory Nos. 9 and 10, and Request for Production No. 15.  Interrogatory No. 9 seeks as follows:

> Describe in specific detail any advice given to any Defendant regarding the FLSA, employee classification, FLSA employee exemptions, FLSA Minimum wage and overtime regulations including the date the advice was sought, the date the advice was given, the specific relevant facts disclosed to the advice giver, and the specific manner in which the advice was relied upon including any changes to practices that were made and identify any documents supporting your answer to this interrogatory.

[#131-1].  Defendants responded by stating, *inter alia*, that:

Objection, the interrogatory invades the attorney client and attorney work
product privileges with respect to legal advice provided as part of this litigation
and in the defense of certain defendants in <u>Kristen Colwell v. United Studios of
Self Defense. Inc</u>. (Orange County Superior Court Case No. 30-2010-00376869).
Defendants Kris Eszlinger, Will Clark, Frank Ley and Hans Prosch discussed
with Charles Mattera and attorney Richard Saxs the issue of classification of
instructors as independent contractors when Eszlinger, Prosch and Clark when
they were affiliated with United Studios of Self Defense, Inc. These conversations
took place some time ago and Eszlinger, Prosch, Clark and Ley do not have
specific recollection as to when the conversations took place or the specific
advice. However, in a number of meetings, USSD's former Chief Executive
Officer Charles Mattera indicated that USSD had prevailed in court and
administrative proceedings over the issue of employee v. independent contractor
classification. These conversations took place at the time of the Colwells filed suit
against United Studios of Self Defense, Inc.

In the <u>Colwell v. USSD</u> lawsuit filed in Orange County Superior Court, Masters
United I, LLC, Masters United III, LLC and various United Partner entities
prevailed in defeating class certification on the issue. Attorney Thomas E. Francis
has spoken to Hans Prosch, Frank Ley and Kris Eszlinger in conjunction with the
defense of this lawsuit. However, these conversations did not deal with the FLSA
but with California Labor Code issues relating to classification of instructors,
minimum wage and the claims asserted by the Colwells.

Attorney Thomas E. Francis has had various conversations and sent emails
to Will Clark, Kris Eszlinger, Frank Ley, Hans Prosch, and Paul Taylor as part of
the defense to the Geiger lawsuit including the FLSA, employee classification, the
FLSA employee exemptions and related issues.

[#131-2].  Plaintiffs assert that Defendants' response is deficient because they provide no

detail of the advice given to Defendants by attorneys regarding the classification of

instructors as independent contractors, and they are attempting to use the attorney-client

privilege as both a sword and shield.  [#131 at 3-8].  Plaintiffs urge the court to enter an

Order that Defendants have waived any privilege for any communications or advice

given to the Defendants about (1) the FLSA, (2) classification of instructors, (3)

minimum wage and overtime pay requirements, and (4) FLSA exemptions other than that

identified by Mr. Francis in his privilege log.  [*Id.* at 8].  Defendants argue that "they

have not located any attorney-client communications with accountants, bookkeepers etc [sic] relating to the FLSA, employee classification etc., prior to March 2014." [#140 at 2]. They further argue that the advice of counsel defense does not give rise to a complete waiver of the attorney client privilege with respect to communications with defense counsel. [*Id.* at 6].

It is undisputed that Defendants are relying upon advice of counsel, at a minimum, to establish that any violation of the FLSA was not willful. In the Answer, Defendants state "Plaintiffs' claims for recovery of overtime compensation and liquidated damages, are limited to the time period of two years as the defendant sought counsel as to the status of the instructors and were not acting willfully toward those instructors, or in the alternative three years.' [#25 at 36-37, ¶ 4].

Plaintiffs urge the court to find a broad waiver of the attorney-client privilege, and require Defendants to disclose (1) any advice of counsel regarding the FLSA, (2) the classification of instructors, (3) minimum wage and overtime pay requirements, and (4) FLSA exemptions that arose prior to this litigation. The court respectfully declines to do so. Waivers of privilege are to be narrowly construed. *See Kovacs v. Hershey Co.*, Case No. 04-cv-01881-WYD-BNB, 2006 WL 2781591, *9 (D. Colo. Sept. 26, 2006). Indeed, the Tenth Circuit makes clear that "a court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *See United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009). Because it is not clear what advice of counsel Defendants refer to in their Answer to substantiate their defense to willfulness, it is difficult to determine the appropriate scope of waiver, and in turn, discovery.

The court does note two other issues with Defendants' Response to Interrogatory No. 9 that are not raised by Plaintiffs.  First, Defendants' Response (along with all the other Interrogatory Responses tendered to date by Defendants) is not signed by the person answering the Interrogatories.  Rule 33(b) of the Federal Rules of Civil Procedure require interrogatories to be answered by the party to whom the interrogatory is directed, or if a corporation, by an officer or agent.  Fed. R. Civ. P. 33(b)(1).  Each interrogatory, to the extent that it is not objected to, must be answered fully and under oath.  Fed. R. Civ. P. 33(b)(3).   Second, Plaintiffs indicate that Defendants supplemented their Response to Interrogatory No. 9 through correspondence.  [#131 at 5].  Again, that supplementation is not made by a party under oath.  Nor is it made in a manner in which Plaintiffs, or the court, or any future factfinder, can find a complete, cohesive response in a single place.

Therefore, the court ORDERS as follows:  no later than June 10, 2015, Defendants are COMPELLED to supplement their Response to Interrogatory No. 9 with the specific and particular information related to any advice of counsel upon which they intend to rely as a defense in this case.  For example, if Defendants intend to rely upon advice of counsel provided by Mr. Francis, even as related to other litigation, to support their defense that they sought advice of counsel, and relied upon advice of counsel so that their conduct is not willful, then Defendants must disclose the date (or time period) the advice was sought, the date (or time period) the advice was given, the specific relevant facts disclosed to the advice giver, and the specific manner in which the advice was relied upon, including any changes to practices that were made, and identify any documents

supporting any answer to Interrogatory No. 9. The supplemental response must include all the information disclosed by Defendants' counsel through correspondence or otherwise, and must be accompanied by the signature of the party responding to the interrogatory under oath.

In addition, Defendants are specifically advised that failure to disclose specific information may lead to this court prohibiting Defendants from introducing any facts in support of their advice of counsel defense that are not specifically disclosed in response to Interrogatory No. 9, or dismissing the defense in whole or in part.

### B.    Interrogatory No. 10

In Interrogatory No. 10, Plaintiffs request that Defendants provide:

> For every instructor from 2005 to present list their compensation structure including any rate or calculation of pay for all compensation, the precise dates such were in effect, and identify any document referencing any agreement for such or supporting your answer to this interrogatory.

[#131-2 at 4]. In response, Defendants objected that the Interrogatory is overbroad as to time, but provided compensation information with respect to studios in Colorado, Illinois, Missouri; Masters United I and Masters United 12 Studios in Los Angeles and Washington; Arizona and San Diego; and stated that they did not know the compensation structure of studios that were individually owned such as those located in "Brentwood, Costa Mesa, Pacific Palisades, Walnut, Huntington Beach I, Huntington Beach Z, Upland/Claremont, Murrieta, San Rafael, etc." [*Id.* at 4-7]. Plaintiffs complain that the response fails to "fully respond for **any** instructors for **any** time period." [#131 at 8]. Plaintiffs further contend that their fraud and civil conspiracy claims each require detailed information for a period back to 2005, that the court expressly permitted them to seek discovery outside of the statute of limitations period of March 2011, and that Defendants

provide no information with respect to instructors from Kansas, Utah, and at least one other entity that defense counsel represents.  [*Id.* at 10-11.]

Defendants assert that they have fully responded to Interrogatory No. 10 and "moreover have provided all documents reflecting any agreements with instructors including emails discussing compensation, 1099 forms, Performance Summary forms, copies of checks to instructors, tax forms and other documents, which reflect the compensation of instructors." [#140 at 6-7].   To that end, Defendants point to their disclosures of emails related to compensation produced at #Z45961-46017 and explain that the compensation for instructors in Kansas would be the same as for Colorado, Missouri, and Illinois.  [*Id.* at 10].  Defendants also continue to dispute the relevance of any information prior to March 2011.  [*Id.*]

As an initial matter, the court agrees with Defendants that the time period of information demanded by Plaintiffs is disproportionate to the claims asserted in this matter.  I do not read Judge Blackburn's Order Denying Equitable Tolling as an invitation to take discovery on all compensation over the last decade.  [#111].  *See Witt v. GC Servs. Ltd.*, Case No. 13-cv-2834, --- F.R.D. ----, 2014 WL 6910500, at *5 (D. Colo. Dec. 9, 2014) ("A party does not have an unfettered or absolute right to conduct discovery").  Indeed, Judge Blackburn specifically found that an independent contractor and/or non-compete agreement alone was insufficient to show that Plaintiffs or potential plaintiffs had been actively misled or lulled into inaction.  [#111 at 5].  The specific information sought by Plaintiffs through Interrogatory No. 10 also would not demonstrate that Plaintiffs or potential plaintiffs had been actively misled or lulled into inaction. Though the information might become relevant if the court were to allow equitable tolling at some later date, it is far too speculative now to compel Defendants to recount the specific compensation for every Chief Instructor for the past decade.   Therefore, after balancing

Plaintiffs' interests with the burden upon Defendants in reconstructing the compensation details of each Chief Instructor, the court limits the time period of Interrogatory No. 10 from March 2010 to the present. *See Witt*, 2014 WL 6910500, at *5 (noting that the court balances the importance of discovery to the seeking party with the cost and burden to the producing party).

With respect to the remainder of Plaintiffs' concerns, the court concludes that Defendants' response is incomplete. As indicated by the court during the May 20 hearing, Plaintiffs are not required to sift through various correspondence and motions briefing to determine Defendants' responses to discovery. In addition, to the extent Defendants are relying upon documents to respond to Interrogator y No. 10, their response does not meet the demands of Rule 33(d) of the Federal Rules of Civil Procedure. A party may rely upon documents, instead of a narrative, to respond to interrogatories, but the response must identify the specific responsive documents. *See Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D 516, 518-19 (D. Colo. 2009). Thus, the court orders Defendants to supplement their response to Interrogatory No. 10, consistent with this Order, in the following ways: (1) the response should include all supplemental information provided in correspondence and/or briefing; (2) to the extent that Defendants intend to rely upon documents, instead of a narrative to respond to the interrogatory, such documents will be specifically identified, either by Bates number or by particular category and not generally as "other documents which reflect the compensation of instructors"; and (3) the response must be signed under oath by the individual(s) providing the information as contemplated by Rule 33(b) of the Federal Rules of Civil Procedure. Such supplementation is due to Plaintiffs no later than June 10, 2015.

### C.    Request for Production No. 15

Through Request for Production No. 15, Plaintiffs seek:

> Produce all COMMUNICATIONS between any Defendant and any Person or agent of any entity that currently or has provided financial, bookkeeping, accounting or tax advice or service including without limitation, D and D accounting, John Dundon, Ron McCarthy, and Deborah Nash for any Defendant or any entity owned/controlled/managed in whole or in part by any Defendant.

[#131-2 at 9]. Plaintiffs argue that Defendants' production to date has been incomplete, and no documents have been produced by a number of individuals identified as bookkeepers and/or accountants. [#131 at 12-14]. Plaintiffs also contend that Defendants' invocation of the attorney-client privilege is improper. [*Id.* at 13-14]. Defendants insist, without any specifics, that they have produced tens of thousands of documents. [#140 at 11].

On its face, Request for Production No. 15 is too broad. While Plaintiffs contend that they need such documents for "the element of willfulness in Plaintiffs [sic] FLSA claims and to fraud, civil conspiracy, and piercing the corporate veil claims," [#131 at 12], their demands for documents from 2005 to the present are simply too expansive. As discussed above, Plaintiffs' FLSA claims are limited to March 2011 to the present, and Plaintiffs' arguments as presented do not persuade the court that they are entitled to documents prior to March 2010 at this point. Similarly, it is unclear that Plaintiffs' request for all communications related to financial, bookkeeping, or tax information – without regard to how they may relate to the claims asserted in this action – is reasonable.

Therefore, if Defendants are withholding any documents relating to the compensation of Chief Instructors from March 2010 to the present, regardless of whom such communications are between, the court COMPELS Defendants to produce such documents, or provide a privilege log reflecting their existence, no later than June 10, 2015. Similarly, if Defendants are withholding any documents reflecting communications relating to the corporate relationship between

Defendants from March 2010 to the present, such as documents reflecting payments from individual dojos to the individual Defendants and/or Z-Ultimate Self Defense Studios, LLC for licensing fees, goods, marketing, and/or services, such documents must be produced (or Defendants must identify to Plaintiffs what remaining documents may exist and when they are anticipated to be produced) no later than June 10, 2015.  Any known documents withheld on the basis of privilege must be catalogued on a privilege log no later than June 10, 2015.  The Parties are further ORDERED to meet and confer, through a person-to-person telephone conversation, as to what specific categories of documents Plaintiffs still seek after any supplemental production.  Any remaining issues with respect to Request for Production No. 15 should be raised through the court's informal discovery dispute process and/or through the further Discovery Conferences before any further discovery motions are filed.

## III.      Issues Raised by Joint Status Report

Pursuant to the court's order during the Scheduling Conference in this matter, the Parties submitted a "Joint Conferral Spreadsheet" in which they identified further discovery issues, including concerns with Interrogatory Nos. 1, 3, and 4 as well as Requests for Production Nos. 2-7 and 9.  The court is not convinced that these issues are appropriate for adjudication, as the Parties' course of conduct in this case suggests that the meet and confer process needs to be more robust.  In order to facilitate further discussion, the court ORDERS Defendants, no later than June 10, 2015, to marshal all their responses to interrogatories, including but not limited to supplemental responses reflected in correspondence (both written and oral, through letters as well as electronic mail) and motions papers into formal interrogatory responses; any additional information related to entities added since the original responses; and any additional responsive information discovered through investigation, signed under oath by the individuals supplying the

information.  In doing so, the court directs Defendants to take into account Plaintiffs' ongoing concerns regarding their responses.  Once Plaintiffs have had an opportunity to review the supplemental responses, the Parties can then discuss any remaining issues in their forthcoming Joint Status Report and during the upcoming Discovery Status Conference.  In addition, the court ORDERS Defendants to consider Plaintiffs' concerns regarding document production and make supplemental productions, if necessary, no later than June 10, 2015.

The Parties are reminded that written interrogatories and requests for production, while important, are not the only vehicles for discovery in this case.  The Parties informed the court that no depositions have been taken, from either Parties or third parties.  Plaintiffs arguably have access to informal discovery through any opt-in plaintiffs as well.  The *Witt* court astutely noted that "proportionality can best be achieved through an iterative approach as the pretrial process evolves and the parties' claims and defenses come into sharper focus." *See Witt*, 2014 WL 6910500, at *6.  Throughout the process, both Plaintiffs and Defendants, along with their respective counsel, must exhibit a "stop and think" approach to discovery and their obligations under the Federal Rules of Civil Procedure. *Id.* at *7.  The Rules impose obligations of good faith and reasonableness on both Plaintiffs and Defendants in this action, *id.*, and the court expects any future discovery motions, and oppositions thereto, to rely on specifics rather than generalities regarding the need for discovery versus the burden of production.  For example, Plaintiffs take issue with Defendants' responses to Request for Production No. 5, which seeks documents regarding pricing of lessons, memberships, martial arts supplies, or any other good, product, or service offered to the public by any Z-Ultimate entity, arguing that "[w]e find it unlikely that the Defendants sent out one lone email regarding potential pricing which was the only document you can find responsive to this question, not withstanding [sic] Mr. Eszlinger's

'exhaustive search.'"  [#146 at 5].  The court also finds, given the breadth of the request, that it is unlikely that there is only one responsive document, but unless it is provided with *specifics* that other information exists, such as a document from an opt-in plaintiff or an affidavit describing a *specific* document and who the sender and recipient was, it is difficult for the court to determine that Defendants have abrogated their obligations under the Federal Rules of Civil Procedure and Rules of Professional Responsibility that bind all counsel as officers of this court.  To the extent that such evidence is, however, provided, all Parties are on notice that such behavior will likely lead to sanction beyond attorney's fees and costs that have been assessed to date.

Accordingly, IT IS ORDERED:

(1)     Plaintiffs' Motion for Discovery Sanctions [#114] is DENIED;

(2)     Plaintiffs' 3rd Motion to Compel is GRANTED IN PART and DENIED IN PART [#131];

(3)     Defendants must supplement their discovery responses, consistent with this Order, no later than June 10, 2015;

(4)     The Parties must meet and confer, consistent with the requirements of this Order, regarding any outstanding discovery disputes prior to the filing of the Joint Status Report on June 17, 2015; and

(5)     The Parties will each bear their own attorney's fees and costs associated with these instant motions, unless and until the court determines otherwise.

DATED:  May 26, 2015                          BY THE COURT:

                                              s/ Nina Y. Wang
                                              United States Magistrate Judge