IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER, et al.,

Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC, et al.,

Defendants.

_____

**~~STIPULATION FOR~~ PROTECTIVE ORDER**
_____

~~IT IS STIPULATED BY THE PARTIES:~~

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL" means information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), and is kept as confidential in the normal course of business. This is limited to any document, file, portions of files,

1

response to a discovery request not made available to the public and designated by one of the parties in the manner provided in paragraph 6 below that contains:

> (a) personnel information concerning current employees of any Defendant to the extent that such information implicates privacy interests and is not generally known to the public;
>
> (b) information containing industry trade secrets; and
>
> (c) information relating to instructors personal and confidential matters not generally known to the public, such as, but not limited to, instructors financial information and medical information.

Documents designated as "CONFIDENTIAL" shall be first reviewed by disclosing parties' attorney who will certify that the designation is based on a good faith belief that the information is confidential as defined in this order or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) parties or government agencies to ensure the disclosing party is not engaging in unlawful conduct;

(i) persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

(j) other persons by written agreement of the parties.

5.      Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or

3

witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them after the date of this Order (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL". Documents and any information contained within the documents without CONFIDENTIAL affixed shall not be deemed confidential or protected under this order. Documents that are not marked CONFIDENTIAL after the date of this Order are not considered confidential and are not protected under this order. For Documents produced prior to this Protective Order, counsels may designate documents as confidential by providing notice to the opposing party that identifies the specific confidential documents by Bates number and the specific reason the documents are considered confidential and contains a certification pursuant to paragraph 3 above.

8. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non- producing party.

9. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly- designated documents.

10. Any party who inadvertently discloses documents that are privileged or protected by this Protective Order shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

11. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2. <u>Nothing in this Protective Order requires the court to restrict any document.</u>

12. By agreeing to this Protective Order, the parties certify the authenticity of documents produced subject to it.

13. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

14. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to schedule a conference with the Court within two (2) business days to determine whether the disputed information should be subject to the terms of this Protective Order. If the designating party fails to schedule the conference within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with scheduling a conference with the Court under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents.

16. If counsels for either party, in good faith, believe that CONFIDENTIAL information provided in this action implicates the disclosing party in unlawful misconduct or that requires disclosure to ensure the disclosing party does not falsely misrepresent its business or accounting practices to a government agency or another party, counsel may disclose documents marked CONFIDENTIAL. However, counsels shall inform the disclosing party of said disclosure and redact any personal identifying information not generally known to the public from the document prior to disclosure.

17.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

18.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated:  June 15, 2015                                  BY THE COURT:

                                                         s/ Nina Y. Wang
                                                         United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
~~Magistrate Judge Boyd N. Boland~~

Civil Action No. 14-cv-00240-REB-~~BNB~~NYW

ZACH GEIGER, et al.,

Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC, et al.,

Defendants.

**EXHIBIT A TO PROTECTIVE ORDER –
CONFIDENTIALITY AGREEMENT**

I, _____ the undersigned, hereby declare that:
I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on _____ _____
           (Date)           (Signature)