**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER,
ROBERT ABELARDO,
ADAM GOLDSTEIN, and
RYAN KING,

      Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS, LLC, a California limited liability company,
PAUL TAYLOR, individually, and in his capacity as owner, partner, and corporate officer,
WILLIAM CLARK, individually and in his capacity as owner, partner, and corporate officer,
KRIS ESZLINGER, individually, and in his capacity as owner, partner, and corporate officer,
FRANK LEY, individually and in his capacity as owner, partner, and corporate officer,
HANS PROSCH, individually, and in his capacity as owner, partner, and corporate officer,
et al.,

      Defendants.

---

**ORDER ON MOTIONS TO QUASH**

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on non-party Colorado Department of Labor and Employment, Division of Unemployment Insurance's ("Division") Motion to Quash Audit Subpoena Duces Tecum ("Motion to Quash Audit Subpoena"). [#176, filed October 19, 2015]. Also before the court is the Division's Motion to Quash Steinke and Wilkinson Subpoena Duces Tecum ("Motion to Quash Steinke and Wilkinson Subpoena"). [#177, filed October 19, 2015]. These Motions were referred to the undersigned Magistrate Judge pursuant to the memorandum dated the same day [#178] and the prior Order Referring Case dated January 29, 2014 [#4].

Upon consideration of the Parties' papers and the applicable case law, the court DENIES the Motions to Quash.

## BACKGROUND

Plaintiffs in this case have asserted various claims against Defendants including: (1) a declaration that the plaintiffs are "classified employees under state and federal law"; (2) for violation of the Fair Labor Standards Act ("FLSA") by failing to pay wages at least equal to the minimum wage plus overtime compensation; (3) for fraud in classifying Plaintiffs as independent contractors rather than employees; (4) for negligent misrepresentation based on the independent contractor classification; (5) for civil conspiracy to improperly classify Plaintiffs as independent contractors; and (6) to pierce the corporate veil based on alter ego and undercapitalization. [#22]. A central issue to this action is whether Plaintiffs are properly classified as independent contractors or employees.

This court entered a Protective Order in this matter on June 15, 2015. [#153]. On October 9, 2015, Plaintiffs served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action for production of the following documents and information:

> All documents and communications related to and arising from the Department's audit of "Z Ultimate Self Defense Studios" including without limitation any entities and persons including Masters United VI, WLC Management, William Clark, and any Z-Ultimate entities that may or may not be referenced in the attached "Notification of Audit" by UI Auditor Jason Robbins. Produce all determinations, investigation notes, communications (including those to and from Mr. Robbins), and documents created by or provided to the Department during all stages of the audit or any resulting investigations.

("Audit Subpoena"). [#176-1 at 2].[1] The Audit Subpoena instructed the recipient to "redact

---

[1] These citations in this Order refer to the document and page number assigned by the court's Electronic Court Filing system.

2

confidential personal identifying information including any tax ID numbers, Social Security numbers, birthdates, and addresses from [] production," and specified a response date and time of October 23, 2015 before 5:00 p.m. [*Id.*]

The same day, Plaintiffs served a second Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action for production of the following documents and information:

> All documents and communications related to and arising from the Department's investigation and determination for (1) James Steinke and (2) Kera Wilkinson. Produce all determinations, investigation notes, communications, and documents created by or provided to the Department during all stages of the investigations or any resulting determinations and appeals.

("Steinke and Wilkinson Subpoena"). [#177-1 at 2]. The Steinke and Wilkinson Subpoena similarly instructed the recipient to "redact confidential personal identifying information including any tax ID numbers, Social Security numbers, birthdates, and addresses from [] production," and specified a response date and time of October 23, 2015 before 5:00 p.m. *Id.*

On October 19, 2015, the Division filed the instant Motions to Quash. [#176, #177]. On October 22, 2015, Plaintiffs filed Responses, relying on Magistrate Judge Boland's prior order [#74] to argue that production was proper and confidentiality was not a sufficient basis to quash the subpoenas. [#179; #180]. On October 28, 2015, Plaintiffs filed supplemental Responses as directed by this court regarding the relevance of the subpoenaed documents. [#184; #185].

The Division makes no objection to the form of service. Rather, the sole basis for seeking orders quashing the subpoenas is that "[t]he documents encompassed within the subpoena[s] are confidential under Colorado Revised Statute § 8-72-107(1)." [#176 at 2; #177 at 2]. That section provides, in relevant part:

> Information thus obtained, or obtained from any individual pursuant to the administration of articles 70 to 82 of this title . . .shall be held confidential and

>shall not be published or be open to public inspection . . . in any manner revealing the individual's or employing unit's identity.

There exists a distinction between information that is confidential and that which is privileged. *Cf. Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d 323, 325-26 (10th Cir. 1981) (advising that if relevancy and need are shown, confidential information such as trade secrets should be disclosed "unless they are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing."). *See also Nesbit v. Industrial Comm.*, 607 P.2d 1024, 1025 (Colo. App. 1979) (finding no procedural due process violation where a tribunal allowed a party to inspect but not copy documents apparently deemed confidential under the statute).

Plaintiffs assert that the documents and information sought in the Audit Subpoena are relevant to advice and direction Defendants received from the Division regarding employment classification. For example, during a Colorado Department of Labor and Employment Audit of Defendants, auditor Jason Robbins exchanged emails with Defendants explaining "the concepts of control and direction and customary engagement," and advising Defendants on how to properly classify a worker as an independent contractor. [#185 at 3; #185-3]. Plaintiffs represent that throughout the discovery process Defendants have not produced any communications with Mr. Robbins despite specific requests to do so. [#185 at 3].

Plaintiffs assert that the documents and information sought in the Steinke and Wilkinson Subpoena are relevant as to the classification of Defendants' employees and the general employment atmosphere in Defendants' studios and as to the willfulness and knowledge element of Plaintiffs' fraud claim. Mr. Steinke was an instructor at a Defendant studio and applied for unemployment insurance with the Division after he resigned his position in 2011. [#184 at 2]. Ms. Wilkinson was a Z-Ultimate Chief Instructor in 2011, and Plaintiffs have moved to add her to this litigation as an opt-in plaintiff. *See* [#165]. Plaintiffs assert that the subpoenaed

information is relevant as to Mr. Steinke because the Division's file will likely include a description of Mr. Steinke's job duties, hours worked, and compensation rate as well as investigation notes and copies of the Division's communications with Defendants regarding the independence of their workers. [#184 at 3]. As to Ms. Wilkinson, Plaintiffs represent that she informed their counsel that the Division determined during its investigation that she was an employee of Defendants and that the Division subsequently confirmed that determination following Defendants' appeal. [#184 at 3-4]. This court agrees that the information sought in the Audit Subpoena and Steinke and Wilkinson Subpoena appears relevant under Rule 26.

Therefore, IT IS HEREBY ORDERED:

(1) The Motion to Quash Audit Subpoena [#176] is DENIED;

(2) The Motion to Quash Steinke and Wilkinson Subpoena [#177] is DENIED;

(3) The Division is directed to produce the responsive documents for inspection at the location where the responsive documents are located on **November 6, 2015**, and Defendants will inspect, but not copy, unless otherwise agreed to in writing by Plaintiffs and the Division;

(4) The Parties will limit the use of Division documents produced pursuant to this Order and the court's prior orders [#74; #148] to this litigation, unless otherwise ordered by this court or another of competent jurisdiction;

(5) The Parties will redact personal identifying information pursuant to the Protective Order [#153] prior to the filing of any documents with the court or sharing any such information with any witnesses and/or experts; and

(6) To the extent the Parties seek to restrict access to any of the Division documents in future filings of the court, the Parties are directed to comply with the procedures as

set forth in D.C.COLO.LCivR 7.2. Nothing in this Order may be construed as a determination by this court that any document produced by the Division is entitled to restriction under Local Rule 7.2 or the applicable case law.

DATED: October 28, 2015                    BY THE COURT:

                                                      s/ Nina Y. Wang
                                                    United States Magistrate Judge