**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00240-REB-NYW

ZACH GEIGER, et al.,

    Plaintiffs,

v.

Z-ULTIMATE SELF DEFENSE STUDIOS LLC, et al.,

    Defendants.

**ORDER CONCERNING MOTION FOR
CONTEMPT, SANCTIONS, and OTHER RELIEF**

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Contempt, Sanctions, and Relief From Dates in Order Granting Motion for Conditional Certification** [#115][1] filed April 3, 2015. The defendants filed a response [#128], and the plaintiffs filed a reply [#138]. I grant the motion in part and deny it in part.

## I. STANDARD OF REVIEW

Under Fed. R. Civ. P. 37(b)(2), a district court may impose sanctions on a party for failure to obey a court order to provide or permit discovery. A district court also has the inherent power to enforce its orders through civil contempt.[2] ***Shillitani v. United States***,

---

[1] "[#115]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Contempt proceedings are either civil or criminal in nature. Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. ***Colombo v. New York***, 405 U.S. 9, 10-11 (1972); ***Shillitani v. United States***, 384 U.S. 364, 369-70 (1966); ***Cheff v. Schnackenberg***, 384 U.S. 373, 377 (1966). If the penalty is fixed and there is no possibility of complying

384 U.S. 364, 370 (1966). A finding of civil contempt is proper when (1) a valid court order existed; (2) the subject of the order had knowledge of the order; and (3) the subject of the order disobeyed the order. ***FTC v. Kuykendall***, 371 F.3d 745, 756-57 (10th Cir. 2004) (citing ***Reliance Ins. Co. v. Mast Constr. Co.***, 159 F.3d 1311, 1315 (10th Cir. 1998)). *See also* 18 U.S.C. § 401(3).

## II. BACKGROUND

This case has been conditionally certified as a collective action under the Fair Labor Standards Act (FLSA). In my **Order Granting Motion for Conditional Certification** [#110], I ordered the defendants to provide to the plaintiffs "the names, addresses, telephone numbers, and e-mail addresses of all current and former Chief Instructors employed by any of the defendants on or after March 10, 2011, whether designated as an employee or as an independent contractor. " *Id.*, p. 6.

The defendants provided a list to the plaintiffs, but, as the plaintiffs note in their motion, the list did not include all current or former Chief Instructors. In addition, the list did not include complete addresses, telephone numbers, and other information for all of the Chief Instructors shown on the list. Exhibit A to the motion [#115-1] is a chart showing the 119 names on the list provided by the defendants to the plaintiffs. The chart shows the absent or incomplete information provided by the defendants when they produced their list.

According to the defendants, some of the Chief Instructors on the list "elected not to provide their personal email and telephone numbers." *Response* [#128], p. 1. However, it is undisputed that the defendants were required to maintain name and address records for each employee and independent contractor, for the purpose of filing or delivering relevant

---

with the court order, the contempt is criminal. ***Shillitani***, 384 U.S. at 369-70.

2

tax forms for these employees and independent contractors. In many cases, as shown on Exhibit A [#115-1], the defendants failed to provide home address information the defendants were required to maintain for purposes of tax compliance. In their response [#128], the defendants provide additional information about some Chief Instructors, a demonstration that the defendants likely had access to this information, but did not produce it, when they produced their list, as required by my order [#110]. The defendants note also that additional information and more complete information has been provided to the plaintiffs in subsequent discovery. This circumstance also shows that the defendants likely had access to this information, but did not produce it, when they produced their list, as required by my order [#110]. In addition, I note, there are a large number of defendant entities in this case. The record keeping of these entities is not, in many cases, centralized or coordinated. To some extent, this fact likely played a role in creating some of the flaws on the list provided by the defendants to the plaintiffs. In discovery, the plaintiffs have sought and obtained a large amount of information, including additional information about Chief Instructors who have worked for the defendant entities.

The plaintiffs contend that the lack of timely information from the defendants has prevented the plaintiffs from providing to certain potential opt-in plaintiffs notice of the Fair Labor Standards Act claims in this case. The plaintiffs note that at least 49 of the Chief Instructors shown on the list produced by the defendants have not received notice of the FLSA claims at any address provided by the defendants, despite the efforts of the plaintiffs to send mail to those addresses. *Reply* [#138], p. 9.

Recently, the plaintiffs filed **Plaintiffs' Motion for Class Action Certification, Appointment of Class Counsel, and Notice Approval** [#224] filed March 4, 2016. They seek to pursue their claims of fraud, negligent misrepresentation, and civil conspiracy as a

class action under Fed. R. Civ. P. 23. The key factual and legal issues underlying those claims are largely the same as the key factual and legal issues underlying the FLSA claims. Those issues include: (1) were instructors used by the defendants properly classified as independent contractors rather than employees?; and (2) if the instructors properly should have been classified as employees, were those employees properly paid for the hours they worked? If the motion to certify a class action is granted, another round of notice to potential plaintiffs will be required.

### III. ANALYSIS

There is no question that my order [#110] requiring the defendants to provide information about past and current Chief Instructors is a valid court order. There is no question that the defendants had knowledge of the order. The defendants argue that, in producing their list, they were in substantial compliance with the order. They argue also that the more complete information later provided to the plaintiffs also mitigates their initial lack of complete compliance with the order [#110].

I find and conclude that the defendants were not in substantial compliance with my order [#110]. In their response [#128], the defendants provided some additional information about certain Chief Instructors which was not included on the list of Chief Instructors provided to the plaintiffs less than one month before the response [#128] was filed. In discovery, the defendants provided additional and more complete information about certain Chief Instructors. The defendants are required to maintain tax records with home address information of their employees and independent contractors, but, in many cases, the defendants failed to provide this information to the plaintiffs. These circumstances demonstrate that the defendants likely had access to this additional information, but did not produce it as required by my order [#110] when they produced

their list.

Given the circumstances of this case, I conclude that the sanction described below is the best remedy for the partial non-compliance of the defendants with my order [#110]. I impose this sanction under Fed. R. Civ. P. 37(b)(2) as a sanction for failure to fully obey an order to provide or permit discovery.

Based on the more complete information gathered by the plaintiffs to date, the plaintiffs now are in a position to determine which potential opt-in plaintiffs did not receive timely notice of their right to opt-in to this FLSA collective action due to the failure of the defendants to provide complete information in the possession of the defendants, as ordered by the court. Identifying the potential opt-in plaintiffs for whom notice was delayed or denied due to the failure of the defendants to provide complete and timely information, in response to the order [#110] of the court, will permit the court to remedy any harm so caused.

On or before April 18, 2016, the plaintiffs may file a motion identifying potential opt-in plaintiffs who did not receive timely notice of this FLSA collective action due to the failure of the defendants to provide complete information in the possession of the defendants, as ordered by the court in its order [#110]. A response and reply will be marshaled in the time and manner provided in D.C.COLO.LCivR 7.1(d).

If I conclude that the failure of the defendants to provide timely and accurate information likely did, in fact, impair the ability of the plaintiffs to provide notice to certain potential opt-in plaintiffs, then the court will grant the plaintiffs a brief additional time to provide FLSA collective action notice, limited to the potential opt-in plaintiffs for whom notice was delayed or prevented by the failure of the defendants to provide timely and complete information. If such additional notice is ordered, I will order the defendants to

pay the cost of providing such additional notice to these potential opt-in plaintiffs.

If the plaintiffs file such a motion, it will be ripe shortly after the motion for Rule 23 class certification becomes ripe. If the motion for class certification is granted, a Rule 23 notice period will be necessary. If the court provides the plaintiffs with additional time to provide FLSA collective action notice to certain potential plaintiffs, then the Rule 23 notice and any additional FLSA notice can and should be coordinated. If the motion for Rule 23 class certification is denied, then the plaintiff can provide only FLSA collective action notice to the additional opt-in plaintiffs for whom such notice is necessary. This will remedy any specific harm caused by the lack of compliance by the defendants with my order [#110].

## IV.  CONCLUSION & ORDERS

The record demonstrates that the defendants failed to comply substantially with my order [#110], which required the defendants to provide to the plaintiffs "the names, addresses, telephone numbers, and e-mail addresses of all current and former Chief Instructors employed by any of the defendants on or after March 10, 2011, whether designated as an employee or as an independent contractor. " *Order* [#110], p. 6. The evidence in the record shows the defendants likely had specific and relevant information in their possession, but failed to include that information as directed in my order [#110] when they provided information to the plaintiffs. Under Fed. R. Civ. P. 37(b)(2), I sanction the defendants for failure to obey fully an order to provide or permit discovery, which order is lawful and within the ability of the defendants to obey.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion for Contempt, Sanctions, and Relief From Dates in Order Granting Motion for Conditional Certification** [#115] filed April 3, 2015, is granted in part;

2. That under Fed. R. Civ. P. 37(b)(2), I sanction the defendants their failure to fully obey my order [#110] to provide or permit discovery;

3. That on or before April 18, 2016, the plaintiffs may file a motion identifying potential opt-in plaintiffs who did not receive timely notice of this FLSA collective action due to the failure of the defendants to provide timely and complete information as ordered by the court in its order [#110];

4. That if the plaintiffs file such a motion, a response and reply shall be marshaled in the time and manner provided in D.C.COLO.LCivR 7.1(d);

5. That based on the motion, response, and reply, the court shall determine if the plaintiffs will be permitted a brief additional time to provide notice to certain potential FLSA opt-in plaintiffs;

6. That If such additional FLSA notice is ordered, the defendants shall pay the cost of providing such additional notice to these potential opt-in plaintiffs; and

7. That otherwise, the **Plaintiffs' Motion for Contempt, Sanctions, and Relief From Dates in Order Granting Motion for Conditional Certification** [#115] filed April 3, 2015, is denied.

Dated March 30, 2016, at Denver, Colorado.

                    **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge